No. 75.—ALLEN W. MARSHALL, plaintiff in error, *vs.* CARHART, BRO. & Co. defendants.

[1.] M was arrested at the suit of C, and he gave bail. Afterwards, he was arrested at the suit of another party, and he also in that suit gave bail. Being thus under bail, he was summoned as a witness in a case. Whilst attending the Court as a witness in that case, and as a party in the latter of the two bail cases, his bail in the first bail case surrendered him. That case had then got into judgment, and a *ca. sa.* from the judgment was in the hands of the Sheriff. The Sheriff held him under the *ca. sa.* and he gave bond to take the benefit of the Honest Debtors' Act, and was discharged by the Sheriff. He then moved to set aside this bond and to be discharged from arrest, on the grounds that when arrested he was attending the Court as a witness and as a party. The Court over-ruled this motion: *Held,* that the Court did right.

Motion, in Bibb. Decided by Judge POWERS, May Term, 1856.

Allen W. Marshall having been arrested by virtue of a *ca. sa.* at the instance of Carhart, Bro. & Co. during said term of said Superior Court, moved the Court to set aside said *capias* and to discharge him from arrest, on the grounds—1st. That at the time of said arrest, the defendant was attending upon said Court under subpœna, as a witness in a certain

cause pending therein.    2d. That at the time of said arrest he was attending said Court under an arrest on *ca. sa.* at the instance of a party named.

On the hearing, it appeared in evidence that defendant had been arrested on a *ca. sa.* issued from said Court at the suit of the Milledgeville Manufacturing Co. and had given bond and security to appear at the November Term, 1855, to avail himself of the benefit of the Act, &c.; that said cause had been continued and was then pending, and that the plaintiff in this case had been notified of said arrest; that when Carhart Bro. & Co. had originally brought suit against the defendant, they had sued out bail process, defendant had been arrested thereon and had given one Leonard Card as his bail; that at the last May Term aforesaid, said bail had surrendered said defendant in open Court, and had obtained an order of Court exonerating him from further liability on said appearance bond.

A subpœna showing that said defendant had been summoned previous to the arrest as a witness in the case of D. & A. Wesson *vs.* William R. Phillips, then pending in said Court, also appeared in evidence; and also, that defendant was attending in Court as a witness in said cause.

Thomas P. Stubbs, one of plaintiff's Attorneys, made the following statement:

When Leonard Card, one of the securities of Allen W. Marshall, surrendered his principal in open Court, W. T. Massey, an Attorney of this Court, drew up an order, (the defendant, Marshall, being in Court and making no objection,) which said order was placed on the minutes, discharging said Card as security on said bail bond; and, as appeared by the minutes of said Court then read by him, the defendant, Marshall, by a further order, was then required to give new security or be committed to jail; that the Sheriff stated to witness that the matter as to the bond had been referred to him, and that he replied that it was for the Sheriff to do his duty, but that he, Stubbs, required the bond as now shown; (which bond was in the usual form of *ca. sa.* bond;)

Marshall *vs.* Carhart, Bro. & Co.

that the *ca. sa.* was in the hands of the Sheriff, and placed there some twenty days or more before Court, and he knew of no other form of bond to protect the Sheriff from liability; that said Marshall did then execute such bond, and was discharged from the custody of the Sheriff, as appears by said Sheriff's return on said *capias;* and that said Marshall is a citizen of North Carolina.

R. B. BARFIELD, the Deputy Sheriff, testified, that when said Marshall was surrendered by his bail in open Court, witness had a bond prepared for defendant to have executed, conditioned for his appearance in Court until he was regularly discharged; but that Thomas P. Stubbs, one of plaintiff's Attorneys, disapproved of said bond. The matter was then referred by the Sheriff to his Honor, the presiding Judge, who referred the Sheriff to the plaintiff's Attorneys for instructions, and said Stubbs then told the Sheriff to do his duty; the *ca. sa.* was then in the hands of the Deputy Sheriff; said Stubbs then made the entry or return, and the Sheriff signed said entry; the said *ca. sa.* bond was also prepared by said Stubbs.

After argument, the Court refused the motion and defendant, by his Counsel, excepted.

POE & GRIER, for plaintiff in error.

STUBBS; HILL & TRACY, *contra.*

*By the Court.*—BENNING, J delivering the opinion.

[1.] The grounds on which the plaintiff in error put his motion to be discharged from the *ca. sa.* and from the *ca. sa.* bond were two—1st. That he was a party in another case, and was as such attending the Court when arrested. 2d. That he was a subpœnaed witness in a case, and was as such witness also attending the Court when arrested.

It is certainly a general rule, that a party or a witness

shall be free from arrest in going to, attending on and returning from the Court.

But when the plaintiff in error *first* got into the custody of which he complains, he was not going to the Court, attending upon the Court, or returning from the Court. He first got into such custody when he was arrested by the Sheriff under the bail writ of the defendants in error. Being in the Sheriff's custody under that writ, he gave bail; and then the Sheriff delivered him to the bail, and he remained in the custody of the bail until he was again re-delivered by the bail to the Sheriff; so that, from first to last, he was in *continuous* custody. The case, as it is, does not differ, in principle, from the case as it would have been had the plaintiff in error failed to give bail at all, and had lain in jail the whole time. But if he had failed to give bail and had gone to jail, and afterwards had become a party to another suit, or a witness in a suit, it will not be said that his becoming such party or witness would have given him the right to be released from jail. No more can it be said that his becoming such party and such witness, gave him the right to be released from the hands of his bail.

All this being so, the plaintiff in error, when re-delivered to the Sheriff by the bail, was *rightfully* in the custody of the Sheriff. His situation was just the same as it would have been had the bail episode never have happened.

What, then, was the Sheriff to do with him? Take a new bail bond? No; the case was in judgment, and a *ca. sa.* was out and in the hands of the Sheriff. All that was left for the Sheriff to do was, to apply the *ca. sa.* to him and hold him under that. (1 *Tidd. Pr.* 288.) This the Sheriff did.

And thereupon, it became the right of the plaintiff in error to relieve himself from the imprisonment by giving the bond, authorized to be given in such cases by the Honest Debtors' Act. And he gave that bond.

This is the whole case; we find no error in it.