POWERS *v.* ARKADELPHIA LUMBER COMPANY.

Opinion delivered January 18, 1896.

SERVICE OF PROCESS—PRIVILEGE OF WITNESS.—A resident of the state, while attending the taking of depositions in a cause to which he is a party in a county not of his residence, is privileged from service of summons in another action there pending.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*Blackwood & Williams*, for appellant.

Public policy demands that, while attending the trial, or incidental and auxiliary proceedings, parties

shall be privileged from arrest or service of summons in other suits.    46 Ohio St. 41 ; 136 N. Y. 585; 11 L. R. A. 101 ; 53 Mich. 541 ; 7 Fed. Rep. 42–45; 12 *id.* 590 ; 68 *id.* 439 ; 23 Am. Rep. 35; 4 Pa. Dist. Rep. 119; 58 N. W. 376 ; 55 *id.* 961; 20 Atl. 788 ; 39 N. W. 308 ; 74 Hun, 130 ; 1 Rich. Law, (S. C.) 196 ; 37 Minn. 118; 1 Bin. (Pa.) 77 ; 2 Yeates (Pa.) 222 ; 45 N. J. L. 119; 16 Gray (Mass.), 86 ; 122 Mass. 428 ; 29 Ga. 217 ; 72 N. C. 596.    It makes no difference whether the party claiming the privilege has come into the state from another state, or has simply come from one county into another county, both in the same state.    1 Binn. (Pa.) 77; 136 N. Y. 585 ; 2 Yeates (Pa.) 222 ; 53 Mich. 541 ; 73 Mich. 500; 74 Hun, 130 ; 66 N. Y. 124; 87 *id.* 568 ; 118 Ind. 357.    The same rule applies whether the party is a witness or suitor.    117 Ind. 361; 66 N. Y. 124 ; 87 *id.* 568 ; 58 N. W. 376; 55 *id.* 962 ; 12 Mass. 429.    The rule has been repeatedly applied to suitors attending before referees, notaries, masters, etc., in vacation.    1 Rich. Law, 195; 9 Phila. 95; 9 Ves. Jr. 69; 122 Mass. 428 ; 58 Hun, 604 ; 12 Fed. 590 ; 19 N. Y. Sup. 470 ; 9 Phila. 65 ; 39 Minn. 179.

*C. V. Murry*, for appellee.

The rule does not extend to service of ordinary summons in a civil case.    It is limited to cases of arrest.    3 Blackst. *p. 289; 1 Gr. Ev. sec. 316; 6 Cal. 32; 27 Conn. 1 ; 120 Ill. 184; 1 Tidd. (1 Am. Ed.) 174; 1 H. Bl. 636; 4 Term R. 378; 8 *id.* 534; 3 East, 89 ; 3 Ves. 350 ; 4 *id.* 691 ; 7 *id.* 313 ; 9 *id.* 69; 15 *id.* 117, 120 ; 29 Atl. 522; 23 *id.* 14; 29 N. Y. S. 567 ; 78 Hun, 500; 24 Atl. 579; 15 *id.* 83; 23 *id.* 14. Our statute settles the question (Sand. & H. Dig. sec. 5696).    See, also, upon a similar statute, 53 Ill. App. 419 ; also 20 S. W. 96,—a case very much like this.

BUNN, C. J.    A suit in chancery was pending in the Clark circuit court, wherein the appellant, Powers,

was plaintiff and the Arkadelphia College was defendant, for a balance of $7,000 or $8,000 claimed by Powers to be still due him on his contract for erecting the college buildings. By agreement of counsel representing the respective parties, they met at Arkadelphia, and took depositions in the case on the 17th day of August, 1893. On the same day the complaint in this cause was filed by counsel for plaintiff herein, who were also counsel for defendant in the chancery cause in which the depositions were being taken, as stated ; and summons at once issued, and was served upon appellant, to be and appear in the Clark circuit court to defend herein.

At the following term of said circuit court, defendant, Powers, appeared for the sole purpose of moving the court to quash the summons served upon him as aforesaid, showing by affidavit that he was, at the time of the service of said summons, and continued to be, a resident of the city of Little Rock, in Pulaski county, as he had been for a long time previously, and that he was present in Arkadelphia on the 17th day of August, 1893, for the sole purpose of attending the taking of the depositions aforesaid, and that the same was necessary, and that advantage of attendance was taken to compel him to defend his said suit in another jurisdiction than that of his residence. He therefore prayed that the summons be quashed. His motion to that effect, however, was overruled, he saved exceptions, judgment was rendered against him, and he appealed.

There is really no controversy as to the facts,—at least none that could affect the issue. We think the judgment ought to be reversed. After several sections immediately preceding, designating where civil actions are to be brought, according to the nature of the subject-matter and the relative situation of the parties, section 5696 of Sandels & Hill's Digest, reads thus : ''Every other action may be brought

in any county in which the defendant, or one of several defendants, resides, or is summoned." Similar statutes are found in all, or nearly all, the states. The appellee contends that the privilege of defendant should be restricted to the rule held by some of the courts, as in Illinois, for example,—that is to cases of arrest on civil process,—and that the exemption does not extend to a non-resident suitor in ordinary cases, temporarily present in the state and county, or in the county, for the mere purpose of attending a suit to which he is a party, unless his presence has been procured by some artifice, trick or fraud of plaintiff or of his counsel." Citing *Greer* v. *Young*, 120 Ill. 184. We think, however, that the weight of authority is against that view of the subject. See Works, Courts and their Jurisdiction, pages 258, 259 and 260.

One line of authorities rests the privilege solely on the familiar constitutional ground of freedom from arrest on civil process, but we prefer to rest it also on the ground of a sound public policy, so aptly expressed by the supreme court of Ohio in the case of *Andrews* v. *Lembeck*, 46 Ohio St. 40, thus: "The question is one which profoundly concerns the free and unhampered administration of justice in the courts. That suitors should feel free and safe at all times to attend, within any jurisdiction outside of their own, upon judicial proceedings in which they are concerned, and which require their presence, without incurring the liability of being picked up and held to answer to some other adverse judicial proceeding against them, is so far a rule of public policy, that it has received almost universal recognition wherever the common law is known and administered," [citing many authorities]. And, continuing, say that court: "The contention that the application of this principle should be or is confined to cases where the suitor is served with process while attending

upon judicial proceedings without his state is not supported by sufficient force of reason to justify the distinction." The statute of that state is similar to ours. In *Lamkin* v. *Starkey*, 7 Hun, 479, the supreme court of New York said: "The court has power, independently of the statute, to protect its suitors, officers and witnesses." And the same substantially is said by the same court in *Matthews* v. *Tufts*, 87 N. Y. 568. And it further appears, from the great weight of authorities, that the privilege is not only assured while one is attending upon strictly judicial proceedings, but upon any tribunal whose business has reference to or is intended to affect judicial proceedings.

In *Larned* v. *Griffin*, 12 Fed. Rep. 590, the court said: "It has long been settled that parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are privileged from arrest on civil process during attendance, and for a reasonable time in going and coming;" and, further, "that this protection extends to attendance of parties and witnesses before arbitrators, commissioners and examiners." That was a case of arrest, it is true; but it is cited to show the nature of the tribunal, an attendance upon which will come under the rule.

In the case of *Mulhearn* v. *Press Pub. Co.* 11 L. R. A. 101, the supreme court of New Jersey said that the vice-president of a foreign corporation attending as a witness before a commissioner of that court, which testimony is to be used in a cause therein pending, is privileged from service of summons to appear in another action against said corporation.

The weight of authority is decidedly with the appellant, and the judgment is reversed, and the case is dismissed, without prejudice.

---

[NOTE.—As to immunity from process, see note to the above case by W. C. Rodgers, Esq., in 42 C. L. J. 397.]