THE FIDELITY AND CASUALTY COMPANY *v.* EVERETT.

Whether one not a resident of this State who holds the position of inspector for a non-resident corporation doing a fidelity insurance business in this State, and whose duties are to audit claims for losses and make collections for the corporation within this State, is or is not such an agent of the corporation as may, under section 3369 of the code, be served so as to effect service upon the corporation, such an agent of a foreign corporation who attends a court in this State for the sole purpose of testifying as a witness for the State in a criminal case is exempt from service upon him, as such agent, of a process against the corporation.

February 21, 1896.    Atkinson, J., being disqualified, Judge Callaway, of the Augusta circuit, was designated to preside.

Traverse of sheriff's return. Before Judge Sweat. Glynn superior court. May term, 1895.

*Dessau & Hodges*, for plaintiff in error.
*Atkinson & Dunwody*, contra.

CALLAWAY, Judge.

R. H. Everett brought suit against the Fidelity and Casualty Co., a corporation under the laws of the State of New York, and against W. L. Cochran, a non-resident of the State of Georgia. The sheriff of Glynn county, where the suit was brought, on April 21st, 1894, served a copy of the petition and process upon one R. T. Brennan, and made the following entry of service: "I have this day served the Fidelity & Casualty Co., by delivering a copy of the

within petition and process to its agent, R. T. Brennan."
At the appearance term the Fidelity & Casualty Co.
traversed this return, and upon the trial of the traverse the
following facts were developed by the testimony: Brennan
was the inspector for the Fidelity & Casualty Co., with
headquarters in New York City, and his home at White
Plains in New York. He traveled through the Southern
States, and his duties were to audit losses and make collec-
tions for the company, but he took no risks and issued no
policies. The company has a general agent located in
Atlanta, Ga. On the day that he was served by the sheriff
he came to Brunswick for the sole purpose of testifying as
a witness for the State in a criminal case against R. H.
Everett. He arrived in Brunswick in the morning, at-
tended the trial of the criminal case that day, was served
by the sheriff in the afternoon, and left that night on the
earliest train that he could leave on after the trial of the
criminal case. He had no other business in Brunswick nor
in Georgia on that day, except to attend the trial of said
criminal case as a witness for the State. The court directed
a verdict against the traverse, and the Fidelity & Casualty
Co. excepted.

In the case of *Thornton* v. *Machine Co.*, 83 *Ga.* 288,
Justice Simmons, delivering the opinion of this court, says,
"The law seems to be, that a suitor or a witness in attend-
ance upon the trial of any case in court is privileged from
arrest under any civil process, and is exempted from the
service of any writ or summons upon him or them, while in
attendance upon such court, or in going to or returning
therefrom." When the witness is a non-resident and comes
into the State for the sole purpose of attending one of its
courts as a witness for the State in a criminal case, it would
be poor policy, and bad faith, on the part of the State to
allow its courts to take advantage of his commendable con-
duct to embroil him in litigation. However strong may be
the right of the resident witness, who attends the court in

obedience to its mandate, to protection from arrest or service of civil process, it cannot be stronger than that of the non-resident, who cannot be reached by the mandate of the State court, and whose submission to our jurisdiction is a voluntary performance of duty. Witnesses should not be frightened from attendance upon the courts where their testimony may be needed, whether they be voluntary or subpœnaed witnesses; and when they come from other States to testify in our courts, their presence cannot be taken advantage of to give our courts jurisdiction to sue them. Such a policy would soon put an end to the presence of non-resident witnesses in our courts. The evidence showing that Brennan, the agent of the non-resident corporation, was himself a non-resident, and, on the occasion when he was served with a copy of the petition and process against said corporation, he had gone to Brunswick and was present there for the sole and exclusive purpose of testifying as a witness in the case of the State *vs.* Everett, the service upon him should have been set aside at the instance of the defendant corporation, and it was error in the court to direct a verdict against the traverse.

*Judgment reversed.*