## ROGERS *v.* ROGERS.

A non-resident of the State, voluntarily attending upon a city court to answer to an accusation for a misdemeanor against him, is not privileged from arrest under civil process nor exempt from service of civil process upon him.

OCTOBER 17, 1912.

Petition for discharge from custody, etc. Before Judge Sheppard. Tattnall superior court. January 15, 1912.

*Way & Burkhalter,* for plaintiff in error.

EVANS, P. J.   Thomas H. Rogers, with his wife Edna C. Rogers, and their children, resided in Tattnall county, Georgia.   The husband removed to the State of Florida, and his wife caused to be preferred, in the city court of Reidsville, an accusation against him for abandoning his children.   He voluntarily returned to Tattnall county to answer that charge.   While in attendance upon the court he was served with a copy of a suit for divorce and alimony, instituted by his wife; in which petition the writ of ne exeat was prayed, and an order was granted commanding his arrest in the terms of the statute, by virtue of which he was taken into custody by the sheriff.   He applied to the judge of the superior court for a vacation of the entry of service and for release from custody, on the ground that while attending and going from the city court of Reidsville he was privileged from arrest under civil process, and exempt from the service of any writ upon him.   The court issued a rule to show cause, and, upon hearing evidence, passed an order setting aside the service of the petition for divorce and alimony on the defendant and discharging him from custody.

A witness in attendance upon the trial of any case is privileged from arrest under any civil process.   Civil Code, § 5854.   And this privilege is also said to extend to an exemption from the service of any writ or summons upon him.   *Thornton* v. *Machine Company,* 83 *Ga.* 288 (9 S. E. 679, 20 Am. St. R. 320) ; *Fidelity etc. Company* v. *Everett,* 97 *Ga.* 787 (25 S. E. 734, 33 L. R. A. 821, 54 Am. St. R. 440).   This privilege, however, is limited to witnesses, and does not apply to a defendant in a criminal case, who can not be a witness in his own case, under the laws of this State. "The jurisdiction of this State and its laws extends to all persons while within its limits, whether as citizens, denizens, or temporary sojourners."   Civil Code, § 2172.   "A citizen of another State, passing through this State, may be sued in any county thereof in which he may happen to be at the time when served."   Civil Code, § 5531.   The defendant voluntarily appeared to defend the criminal charge against himself, and he is liable to suit as others are, and must answer thereto in like manner.

*Judgment reversed.   All the Justices concur.*