## VAUGHN *v.* BOYD *et al.*

Where an attachment returnable to a superior court of this State was levied on certain certificates of stock in a corporation chartered in Florida, and the defendant, who was a resident of Florida, came into this State and went to the county seat where the court to which the attachment was returnable was in session (but the attachment was not subject to trial at that term of court), and consulted with attorneys and caused to be prepared and filed a plea to the jurisdiction, contesting the right to levy on shares of stock in a foreign corporation, he was not exempt, before returning home, from being served with a notice of the pendency of the attachment, so as to authorize the case to proceed as a common-law action, whether the levy should be dismissed or not, in accordance with the Civil Code (1910), § 5103.

JULY 23, 1914. REHEARING DENIED AUGUST 18, 1914.

Attachment. Before Judge Frank Park. Decatur superior court. May 7, 1913.

On April 11, 1912, C. H. Boyd sued out a writ of attachment against J. A. Vaughn, on the ground of non-residence, returnable to the superior court of Decatur county, which met on the second Monday in May. The case was not ripe for trial before the second term of court, and the plaintiff had the entire first term within which to file his declaration in attachment. The writ was levied upon four certificates of stock in a certain corporation. The defendant, who was a resident of Florida, went to Decatur county for the purpose of consulting attorneys and preparing and making a defense to the attachment proceedings, as testified to by him. The attorneys prepared for him a plea to the jurisdiction, on the ground that the corporation was a Florida corporation, and that the certificates of stock in it were not subject to levy by process of attachment in Georgia. He signed the affidavit attached to the plea in the court-room, while court was in session. Before he could finish the business for which he came and return to Florida, he was served

by the sheriff with a notice of the attachment suit, which, under the statute of this State (Civil Code (1910), § 5103), authorized the case to proceed as a common-law action, whether the levy of the attachment should be dismissed or not. He thereupon filed a motion in which he attacked the service thus made upon him, and moved to set it aside and have it declared void. A rule nisi was issued, and upon the return thereof evidence was introduced before the jury. The court overruled a motion to direct a verdict in favor of the movant and to dismiss the case, and directed a verdict against the movant. He excepted.

*Pope & Bennet* and *M. E. O'Neal,* for plaintiff in error.

*T. S. Hawes* and *Little, Powell, Hooper & Goldstein,* contra.

LUMPKIN, J. (After stating the foregoing facts.)  Outside of this State, it is established by the great weight of authority that a non-resident suitor going into a State for the sole purpose of attending the trial of his case is privileged from the service of civil process while coming to, returning from, and attending upon the court for the purpose of such trial. Of course, this means a reasonable opportunity to come and go, and would not authorize a party to linger indefinitely and still claim immunity. In Andrews *v.* Lembeck, 46 Ohio St. 40 (18 N. E. 483, 15 Am. St. R. 547), it was said: "The question is one which profoundly concerns the free and unhampered administration of justice in the courts. That suitors should feel free and safe at all times to attend, within any jurisdiction outside of their own, upon judicial proceedings in which they are concerned, and which require their presence, without incurring the liability of being picked up and held to answer some other adverse judicial proceeding against them, is so far a rule of public policy that it has received almost universal recognition wherever the common law is known and administered." One contention set up in that case was that the provisions of the Ohio code making certain exemptions were exhaustive; but this was overruled. The rule is firmly fixed in the decisions of the Federal courts. In Nichols *v.* Horton, 14 Fed. 330, Judge Shiras said: "Experience, however, has shown that in order that causes may be fully heard, and the orderly administration of justice may be assured, it is necessary that parties, witnesses, and jurors shall be protected against service of process in civil actions while they are in good faith in attendance upon the trial of causes. If parties or witnesses are liable

to be sued when in attendance upon the court in which the cause with which they are connected is pending, and by reason thereof they may be compelled to appear and answer in a foreign tribunal, or in one different and far distant from that wherein they could alone have been sued had they not been in attendance upon the court, the fear thereof might well deter them from attending at the place of trial; and if they were beyond the reach of a subpœna, a party might, as a consequence, be deprived of the personal presence and testimony of witnesses whose absence would be fatal to his cause." See note to Worth *v.* Norton, 76 Am. St. R. 524, 535, 536 (56 S. C. 56, 33 S. E. 792, 45 L. R. A. 563); 32 Cyc. 492 (6).

In Palmer *v.* Rowan, 21 Neb. 452 (32 N. W. 210, 59 Am. R. 844), the subject was considered at length, and numerous authorities were reviewed. It was said, that, at common law, parties and witnesses attending in good faith upon any legal tribunal were privileged from arrest on civil process during their attendance and for a reasonable time in going and returning; that in some of the earlier cases in this country it was held that the privilege of suitors and witnesses extended no further than exemption from arrest, and that service by summons was legal, and, where an arrest was made, common bail must be filed or a general appearance entered; but that the tendency of the courts has been to afford full protection to suitors and witnesses from all forms of process of a civil nature during their attendance before any judicial tribunal, and for a reasonable time in going and returning. See also Powers *v.* Arkadelphia Lumber Co., 61 Ark. 507 (33 S. W. 842, 54 Am. St. R. 276).

We now turn to the decisions in this State. In *Marshall* v. *Carhart,* 20 *Ga.* 419, a person was arrested under a ca. sa. in a civil action, and gave bail. Afterward he was arrested at the suit of another person, and again gave bail. He was then summoned as a witness in a case. While attending the court as a witness in that case and as a party in the latter of the two bail cases, his bail in the first case surrendered him. That case had then gone to judgment, and a ca. sa. from it was in the hands of the sheriff. The sheriff held him under the ca. sa., and he gave bond to take the benefit of the Honest Debtor's Act, and was discharged. He then moved to set aside this bond, and to be discharged from arrest, on the ground that when arrested he was attending the court as a wit-

ness and as a party. The court overruled the motion; and this judgment was affirmed on the ground that the plaintiff in error was first taken into custody before he went to attend court, and that in contemplation of law he remained in the custody of the sheriff or of his bail continuously, so that it did not make a case of originally arresting one under civil process while attending upon the court as a party or a witness.

In *Henegar* v. *Spangler,* 29 *Ga.* 217 (decided in 1859), it was held that suitors are exempt from arrest under civil process while going to, attending on, or returning from court. In the opinion Lumpkin, J., said: "The common-law rule is recognized by the presiding judge, that ordinarily the law exempts a party from arrest while going to, attending on, and returning from court. But he considered that the circumstances of this case were peculiar, and justified a departure from the usual practice. These litigants were citizens of Tennessee; they met in Georgia; each sued out bail process against the other. Henegar succeeded in having Spangler arrested in vacation, and the judge thought it but just that Spangler might have Henegar arrested during the term, where he was in attendance as a suitor. However right the thing was in itself, and I agree with Judge Crook that it was so, still, inasmuch as the law as it stands makes no such distinction, the exception will have to be grafted upon the common-law principle by the legislature and not by the courts."

In *Thornton* v. *American Writing Machine Co.,* 83 *Ga.* 288 (9 S. E. 679, 20 Am. St. R. 320), it was said: "It seems that a suitor or witness in attendance upon the trial of any case in court is exempt from service of any writ or summons while so attending, and in going to or returning from the court. But where so served, he should move to set aside the service, or else file a plea in abatement, or perhaps a plea to the jurisdiction, and insist upon his privilege. The service of the process was not void, but voidable upon proper action in proper time by the person served." This was not a direct ruling, but authorities were cited in support of the statement.

In *Fidelity and Casualty Co.* v. *Everett,* 97 *Ga.* 787 (25 S. E. 734), it was held, where a non-resident attended a court in this State for the sole purpose of testifying as a witness for the State in a criminal case, that he was exempt from service of process against a corporation of which he was the agent. That was a case of a

witness; but the decision recognized the exemption as extending beyond mere freedom from arrest under civil process, and that the statement in the code (now section 5854) as to freedom of a witness from arrest under civil process was not exhaustive. Perhaps the difference in the method of getting a defendant before the court at common law and under modern practice may have had some effect on the language employed at different times.

In *King* v. *Phillips,* 70 *Ga.* 409, a person was sued and served in Georgia, and judgment was rendered against him. Afterward a motion to set aside the judgment was made, on the ground that the suit was brought and service was perfected while he was in attendance upon court, under a requisition from the Governor of Georgia on the Governor of Florida, by virtue of which he was forced to return to Georgia for trial, and that he did not appear and plead to the merits or authorize any one to do so for him. It was declared that the allegations of this motion were not sustained by showing merely the requisition and arrest in Florida, without any custody of him by any officer of this State, and that his presence would be presumed to have been voluntary, in the absence of proof to the contrary. It was further said: "Having been served, he should not have neglected the defences which the law gave him, until after final judgment had been rendered, and then move to set the same aside." It was accordingly held, that, having failed to object to the jurisdiction until after judgment, he was concluded thereby. This decision was cited in the case of *Thornton* v. *American Writing Machine Co.,* supra, on the subject of delaying to raise the point until after judgment.

In *Rogers* v. *Rogers,* 138 *Ga.* 803 (76 S. E. 48), it was held that a non-resident of the State, voluntarily attending upon a city court to answer to an accusation for a misdemeanor against him, is not privileged from arrest under civil process, nor exempt from service of civil process upon him. In the opinion it was said that a witness in attendance upon the trial of any case is privileged from arrest under any civil process; and Civil Code (1910) § 5854 was cited, which contains that declaration. It was also said that this privilege is limited to witnesses, and does not apply to a defendant in a criminal case, who can not be a witness in his own behalf, under the laws of this State. It is to be noted, however, that the protection of a witness from arrest on any civil process (now contained in the

code section above cited) was included in the act of 1799 (Cobb's Digest, 463), and was in existence at the time when the decisions in *Henegar* v. *Spangler,* and other cases above cited were rendered. The *Henegar* decision also dealt with the exemption of a party at a time when he could not, under the law, testify. We need not stop to discuss whether the decision in *Rogers* v. *Rogers* can be reconciled with former decisions, or whether the distinction there drawn on the ground that the defendant in a criminal case can not, under the laws of this State, testify in his own case, was well grounded, or whether the rule of exemption of parties from service applies to criminal cases as well as those of a civil character.

While the rule announced by courts generally as to exemption from service of civil process of a foreign party or witness in attendance upon the trial of a case is based upon the principle of allowing a party a fair opportunity to try his case and to develop the justice of it (if it be assumed to be in full force in this State), yet it is not to be extended so far as to exempt all persons voluntarily coming within the jurisdiction of the court from being served, merely because they may come to consult with attorneys, or to investigate transactions, or otherwise attend to matters which may become the subject of litigation, or which may eventually reach a trial. If this were done, persons who had extensive business interests in different jurisdictions, by frequent conferences with their attorneys, and frequent discussions of the facts of their business transactions or lawsuits, might become almost perpetually immune from suits. The chief aim of the rule is to give a fair and uninterrupted trial, not to give uninterrupted immunity to a litigant because he may have a case on the dockets of the court. See, on this subject, Greenleaf v. People's Bank of Buffalo, 133 N. C. 292 (45 S. E. 638, 63 L. R. A. 499, 78 Am. St. R. 709). In Nichols v. Horton, 14 Fed. 327, supra, it was declared that where a party in attendance upon the trial of a case commits a wrong, or gives cause for the institution of an action against him by a third person, he can not invoke the rule of exemption so as to protect himself against service of a suit based on such cause of action, but that the trial of the case pending should not be interfered with by such service. Doubtless other instances could be cited.

Here the attachment case was not on trial, and was not subject to be tried at the time when the movant came from Florida to

Georgia and was served with the notice. True he came to confer with his attorneys and to prepare a defense, and a plea was prepared and filed; but no trial was then taking place or was imminent. In fact he complained that he was not permitted, after the conference with his attorneys and the filing of the plea, to return to Florida without being served. The rule of exemption does not so extend as to cover such a transaction. That, after being served with a notice, he moved to set aside the service and have it declared void, and that a rule nisi was issued and a trial was had on that question in July thereafter, did not change the fact that at the time when he was served with the notice no trial was being had, or could be had, and that he was not in attendance upon any trial. ·Nor was that fact changed by the testimony of the movant that he was there to testify about the facts, if the case came up, but he did not know whether or not it would come up for trial at that term.

Accordingly there was no error in refusing to sustain the motion to set aside the service of the notice upon the movant and to declare it to be void. Whether the details of the practice were exact in form or not, the right result was reached.

*Judgment affirmed. All the Justices concur.*