15451, 15492.  WATSON v. KVATERNIK; and *vice versa.*

STEPHENS, J.  1.  The judgment excepted to being a judgment overruling a motion of the defendant in a civil suit to vacate the service, upon the ground that it was void, this court has jurisdiction to review the judgment, since a judgment in accordance with the contention of the movant would have been a final disposition of the case.  Civil Code (1910), § 6138; *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48).  The motion to dismiss the bill of exceptions, therefore, is without merit.

2.  A witness is exempt from civil process while in attendance upon court. *Fidelity &c. Co.* v. *Everett,* 97 *Ga.* 787 (25 S. E. 734).  A witness when served with process while in attendance upon court may assert his privilege of exemption by a motion to vacate the service, filed in the court in which the suit is pending.  See, in this connection, *Thornton* v. *American Writing Machine Co.,* 83 *Ga.* 288 (9 S. E. 679, 20 Am. St. Rep. 320).

3.  Since such a proceeding sets up a privilege of exemption only from service of the process, and therefore no issue as to the truth or the falsity of the return of the officer serving the process is involved, it is not essential to the jurisdiction of the court to entertain the motion that such officer be made a party thereto.

4.  Where the person so served with process, after filing such motion to vacate, files a demurrer to the suit served upon him, the demurrer will not operate as a waiver of his right to assert his exemption from service by the motion already filed.

5.  That the issues raised in the motion to vacate should be tried by a jury is not a ground for demurrer by the respondent to the motion.

6.  The undisputed evidence establishes conclusively, as a matter of law, that the service perfected upon the movant was void, upon the ground that the movant was, under the circumstances, exempt therefrom, and the judgment of the trial court overruling the motion was without evidence to support it and contrary to law.

7.  The above disposes of all of the exceptions insisted upon.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Motion to vacate service entry; from Baldwin superior court—Judge Park.  February 9, 1924.

*Allen & Pottle,* for plaintiff in error.

*Sibley & Sibley,* contra.