## Cummins' Administrator v. Scherer.

(Decided November 15, 1929.)

HUBBARD & HUBBARD, BRENTON L. METZLER, and GILBERT, PICKETT & MATTHEWS for appellant.

TODD & BEARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Joseph L. Scherer, Jr., a resident of the state of Ohio, came to Kentucky in November, 1928, for the purpose of attending the funeral of a relative in the city of Louisville. On November 25, 1928, when returning to his home in Ohio in an automobile, the car driven by him collided with an automobile in which Alma Cummins was a passenger. Alma Cummins died as a result of injuries received in the accident, and three other passengers in the car were seriously injured. The accident occurred in Shelby county. Scherer was arrested under a warrant charging him with the crime of manslaughter. He waived examination, and executed bond for his appearance at the next term of the Shelby circuit court. At the February, 1929, term of that court he was indicted for involuntary manslaughter, and he executed bond for his appearance at the May term of the court, at which term his trial was had.

After the case had been submitted to the jury, and while he was waiting for the jury to report, a summons was served on him in a civil action that had been filed against him by the administrator of Alma Cummins, deceased, in which the administrator sought to recover damages in the sum of $50,000 for the death of his intestate, caused, as alleged, by the gross carelessness and negligence of Scherer in the operation of his automobile at the time the accident occurred in which Alma Cummins lost her life.

A motion to quash the return on the summons was filed, supported by the affidavit of appellee's attorney, in which it was stated that Scherer was a nonresident of this state, and that the summons was served on him during his trial on a charge of involuntary manslaughter, and while he was present in court as a defendant in the action. The trial court sustained the motion to quash the return on the summons, and the plaintiff declined to take further steps. From a judgment dismissing the petition, plaintiff has appealed.

The question presented by this appeal is this: Is a nonresident of this state exempt from the service of civil process while he is attending court in this state as a defendant in a criminal action in compliance with the conditions of a bail bond?

The precise question has never been before this court, but has been before the courts in a number of other jurisdictions, and the courts of the various states are not in accord. A collection of the authorities on both sides of the question will be found in annotations to Church v. Church in 14 A. L. R. 769, and Ryan v. Ebecke, 40 A. L. R. 88. Church v. Church is also reported in 50 App. D. C. 239, 270 F. 361, and Ryan v. Ebecke in 102 Conn. 12, 128 A. 14. The annotations referred to show that that the federal courts and the Supreme Courts of Arkansas, Iowa, Michigan, Nebraska, New Jersey, Wisconsin, and West Virginia hold that a nonresident of the state is exempt from the service of civil process while his presence in the state is in compliance with the conditions of a bail bond, while the contrary view has been adopted by the courts of New York, North Dakota, and Connecticut. The courts of a number of other states seem to incline one way or the other, though the precise question has never been decided. Netograph Manufacturing Co. v. Schrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886, seems to be the leading

case supporting the latter view. The opinion in that case is bottomed upon the theory that a person who is charged with crime and is at large on bail is constructively in the custody of the law, and may be surrendered by his bailors at any moment, and therefore cannot be said to come voluntarily into the state where the crime is alleged to have been committed, but comes under compulsion of law. The decision in Ryan v. Ebecke, supra, is based on the same reasoning, as is the decision in Re Frank Henderson, 27 N. D. 155, 145 N. W. 574, 51 L. R. A. (N. S.) 328.

All courts hold that, where the attendance of the defendant is procured by an arrest caused for the sole purpose of securing jurisdiction so he may be served with civil process, the service of the process will be set aside. We are of the opinion that the same rule should be applied whether the criminal process was used as a pretense or was issued in good faith. The reason underlying the exemption of witnesses or litigants from the service of civil process while in a foreign jurisdiction for the purpose of attending the trial of an action in which they are witnesses or principals is that such exemption is required as a matter of public policy. As said in Parker v. Hotchkiss, 1 Wall, Jr., 269, Fed. Cas. No. 10, 739, and quoted with approval in Stewart v. Ramsay, 242, U. S. 130, 37 S. Ct. 44, 46, 61, L. Ed. 192: ''The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify.''

We perceive no reason why the rule should not be applied to a defendant in a criminal action who is present at his trial in compliance with the conditions of a bail bond. In order to further the administration of justice, he should be permitted to attend the trial without fear of molestation by the service of process in a civil action. We think the reason for the exemption is well expressed in the opinion in the recently decided case of Feuster v. Redshaw (Md., decided April 4, 1929) 145 A. 560, 562. In that case, Redshaw, a resident of the state of Pennsylvania, was driving his automobile in Maryland when it collided with one in which Feuster was a passenger, and Feuster was injured. Redshaw was arrested on the same

day on a charge of having violated a provision of the motor vehicle laws of the state of Maryland, and he was required to post collateral for his appearance at the time of the trial of the case. He went to his home in Pennsylvania and returned to Maryland for the trial. While he was waiting in the courtroom for his case to be called for trial, he was served with a summons in a civil action that had been brought against him by Feuster. The motion to quash the summons was sustained, and, in affirming the judgment of the trial court, the Court of Appeals of Maryland, in the course of its opinion, said:

"The reason for the exemption is because it is grounded on public policy and necessary for the due administration of justice. The rule at once tends to assure the attendance of nonresident witnesses and suitors, and the free and complete presentation of the case in a trial in which the witness and the parties will not be distracted, harassed, or intimidated by the prospect of other litigation. So beneficial is the rule that the inclination of the court is to extend its scope. . . .

"These reasons are as applicable to criminal prosecutions as they are to civil actions, and, on principle, should have no different conclusion. The decisions, which hold that the exemption does not apply to parties arrested in criminal proceedings, put it usually on the ground that in a civil case the appearance of the parties and witnesses is purely voluntary, while the accused's attendance could be enforced by arrest, extradition, or other form of legal compulsion. It is inaccurate to say of a nonresident defendant that his appearance in a suit to defend his rights is wholly voluntary. He comes under the compulsion of interest or necessity. So, the four Maryland decisions cited do not indicate that there is any distinction to be based upon whether the exemption is claimed by a voluntarily appearing plaintiff or by an involuntarily appearing defendant. Supra. When the accused in this case returned to Pennsylvania after the two criminal charges had been preferred against him and he had been released, he might possibly have obviated the necessity for his return for the trials by remaining away and forfeiting the collateral deposited. He was no longer in custody, and he could choose to return for trial or to stay away.

And it is a sound principle of law that does not subject an accused party, while presumed by the law to be innocent, to the peril of a surrender of his privilege of being sued in a civil action in his own state, by appearing and defending himself in the jurisdiction where he is charged with the crime. However, the rationale of the rule does not depend upon the voluntary nature of the nonresident's appearance, but, as previously indicated, upon broad grounds of public policy and individual rights."

Other recently decided cases in which this view of the question has been adopted are Benesch v. Foss (D. C.) 31 F. (2d) 118; Caldwell v. Dodge (Ark.) 15 S. W. (2d) 318; Whited v. Phillips, 98 W. Va. 204, 126 S. E. 916, 40 A. L. R. 83.

Judgment affirmed.