24713. EWING *v.* ELLIOTT.

DECIDED JUNE 14, 1935. REHEARING DENIED JULY 26, 1935.

566

*Conyers & Gowen, M. B. Skelton,* for plaintiff.

*Reese, Scarlett, Bennet & Highsmith, Blanchard & Hoffman,* for defendant.

GUERRY, J. G. B. Ewing, a resident of Montreal, Canada, filed suit in Glynn superior court against Robert W. Elliott, his father-in-law, also a resident of Montreal, Canada, in the sum of $50,000, for an alleged assault and battery committed upon him on the 30th day of December, 1932, in St. Petersburg, Pinellas county, Florida. Elliot filed a plea in abatement to the suit, challenging the jurisdiction of the court over his person; objecting to the process and the manner of its attempted service upon him. The plea alleged substantially as follows: "Defendant is not a citizen or resident of the State of Georgia, but is a citizen of the Dominion of Canada, residing at Montreal, Quebec. Defendant came within the boundaries of said State of Georgia, and within the boundaries of Glynn County therein, and within the territorial jurisdiction of this court, and within the reach of its officers, solely and only for the purpose of complying with a stipulation entered into between this defendant's attorney and attorneys representing Robert P. Kruse and Daisy Kruse, . . in a suit then pending in the circuit court of the sixth judicial circuit of the State of Florida in and for Pinellas county, . . and entitled Robert P. Kruse and Daisy Kruse, . . plaintiff, versus R. W. Elliott, defendant, for the purpose of taking this defendant's testimony in said cause. . . This stipulation provided for the taking of this defendant's testimony at ten o'clock on the morning of February 23, 1934, at the office of Conyers & Gowen, a firm composed of C. B. Conyers and Charles L. Gowen, attorneys at law of Brunswick, Georgia. . . In order to comply with the said stipulation, this defendant arrived in the City of Brunswick about ten o'clock p. m. February 22, 1934, and registered at the Hotel Oglethorpe in said city. At about ten o'clock on the following morning this defendant reported at the law offices of said firm of Conyers and Gowen for the purpose of giving his testimony in compliance with the aforesaid stipulation. While so engaged in giving his testimony in the offices of said attorneys this defendant was served by R. S. Pyles, sheriff of Glynn County, Georgia, with a copy of plaintiff's petition and process in the above-captioned case, and has not been otherwise served. . . This defendant avers that during his attendance upon the taking

of the testimony in the cause of Robert P. Kruse and Daisy Kruse, joined by her husband, Robert P. Kruse, plaintiff, v. R. W. Elliott, defendant, under the stipulation, . . he was by law exempt from the service of civil process, and that any attempted service of such process upon him while there in his attendance upon the giving testimony under the aforesaid stipulation was null and void." Issue was joined on the plea in abatement and evidence introduced. At the conclusion of the evidence the trial judge directed a verdict in favor of the plea, and to this ruling the plaintiff excepted.

It appears that the defendant has employed the proper means at the proper time for testing the validity of the service over his person. *Thornton* v. *American Writing Machine Co.*, 83 *Ga.* 288 (9 S. E. 679, 20 Am. St. R. 320). The question is, did the court err in directing a verdict in favor of the plea, under the evidence submitted? "The jurisdiction of this State and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners." Civil Code (1910), §§ 22, 2172. "A citizen of another State, passing through this State, may be sued in any county thereof in which he may happen to be at the time when served." § 5531. "Witnesses are protected from arrest on any civil process while going to or returning from and attending on any court, and the officer who shall hold him imprisoned after seeing his subpœna, or being satisfied of the fact, shall be liable for a false imprisonment." § 5854. While this is the only exception to §§ 22, 2172, and 5531, stated in our Code, it has been recognized that this is not exhaustive, and the common-law rule, which is in accordance with the great weight of authority in this country, that a non-resident witness or suitor in attendance upon the trial of any case in court is exempt from service or any writ or summons while so attending, and in going to or returning from the court, is of force in this State. See *Thornton* v. *American Writing Machine Co.*, supra; *Fidelity & Casualty Co.* v. *Everett*, 97 *Ga.* 787 (25 S. E. 734, 33 L. R. A. 821, 54 Am. St. R. 440); *Vaughn* v. *Boyd*, 142 *Ga.* 230 (82 S. E. 576), where a full discussion of this principle is given, and all authorities then decided are cited and discussed; *Watson* v. *Kvaternik*, 33 *Ga. App.* 415 (126 S. E. 552); *Lomax* v. *Lomax*, 176 *Ga.* 605, 608 (168 S. E. 863). There has been no ruling in our courts on the question here presented, of whether a nonresident, who has a cause pending in another State,

who comes into this State by stipulation and agreement of his counsel and counsel representing the opposing party to the suit, for the purpose of giving testimony in the form of depositions, is exempt from service of civil process while fulfilling this purpose. However, from the great weight of authority, the privilege of exemption is not only assured while one is attending upon strictly judicial proceedings, but upon any tribunal whose business has reference to or is intended to affect judicial proceedings.   Powers *v.* Arkadelphia Lumber Co., 61 Ark. 504 (33 S. W. 842, 54 Am. St. R. 276) ; Burroughs *v.* Cocke, 56 Okla. 627 (156 Pac. 196), and cit.; Partridge *v.* Powell, 180 Pa. 22 (36 Atl. 419).   In Powers *v.* Arkadelphia Lumber Co., supra, it was said: "If a person is present in a county other than that of his residence, for the sole purpose of attending the taking of depositions therein in a cause to which he is a party, and advantage is taken of his presence to serve process on him in another action, to compel him to defend it in a jurisdiction other than that of his residence, the service of such process should be quashed."   In Mulhearn *v.* Press Publishing Co., 53 N. J. L. 153 (21 Atl. 186, 11 L. R. A. 101), it was said: "The immunity extends to every person who in good faith attends as a witness in any proceeding where testimony is to be taken according to the practice of the courts to be used in establishing the rights of a party in any judicial proceeding."   In Parker *v.* Marco, 136 N. Y. 585 (32 N. E. 989, 20 L. R. A. 45, 32 Am. St. R. 770), it was said: "It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issue involved.   It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice."   See also Person *v.* Grier, 66 N. Y. 124 (23 Am. R. 35) ; Matthews *v.* Tufts, 87 N. Y. 568.   It has been further said: "Hearing before arbitrators, legislative committees, registers and commissioners in bankruptcy, and examiners and commissioners to take depositions, have all been declared to be embraced within the scope of its application.   Bacon's Abr. 'Privilege;' Sunford *v.* Chase, 3 Cow. 381; Matthews *v.* Tufts, supra; Hollender *v.* Hall, 18 Civil Pro. 394; 19 Id. 292; Thorp *v.* Adams, 11 N. Y. S. 479; Bridges *v.* Sheldon, 7 Fed. 44; Plimpton

*v.* Winslow, 9 Fed. 365; Larned *v.* Griffin, 12 Fed. 592." Parker *v.* Marco, supra. See also Yeakel *v.* Brands, 9 Pa. Dist. 49. It would therefore seem that the great weight of authority would extend the exemption to a case of this character.

However, counsel for plaintiff in error contend that, conceding the rule of exemption to extend to cases of this character, it is necessary that the witness or party come into this State in "good faith," and that the evidence authorized a finding that the defendant in error did not do so, and should therefore have been subject to service. The attorney of the defendant in error (in the case of Kruse *v.* Elliot, pending in Florida) testified: "As to my reason for agreeing on Brunswick as a place to take the testimony at that time, the only purpose in making the stipulation was to throw the plaintiff (Kruse) and the opposing counsel off the track and make them believe that we were not going to have Mr. Elliot at the trial of the Kruse case down in Florida; I don't know what representations I made to Mr. Skelton, I had to tell him something to make him think that we were not going to have Mr. Elliot present. However, he was present and the depositions were never intended to be used." In order for defendant in error to be immune from process under the rule of exemption, his main and controlling purpose in coming into this State must have been that of taking the depositions. This, to our minds, is the meaning of the term "good faith" when used in connection with this rule of exemption. In other words, a party, wishing to transact other business in this State and fearing that he would be served with process in some judicial proceeding, could not employ the taking of depositions as a cover in order to transact such other business and still be exempt from service. The main and controlling reason for coming into this State must be that of the taking of his depositions. In this, the question of "good faith" lies. In the present case the fact that the suitor may have all the while intended to be present in person at the trial of the case in Florida did not make the taking of his depositions a matter of bad faith so far as the purposes of this exemption are concerned. Depositions may be taken even when a witness is expected to be present at the trial, and in some circumstances a failure so to do might be considered a lack of diligence on the part of the suitor. It seems to be unquestioned that the only purpose of the presence of the defendant in error in this State was to attend the taking of

the depositions. His counsel in that proceeding did testify that the taking of the depositions was merely a sham or trick to fool the opposing attorneys in the case of Kruse v. Elliot, then pending in Florida. However, we do not think this fact robs the defendant in error of his immunity. Furthermore, there was no evidence introduced tending to show that the defendant in error himself was a party to this purpose, but on the contrary the evidence goes to show that he in good faith came to this State in response to stipulations entered into by his counsel and counsel for the opposing side. We are of the opinion that the court properly directed a verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*