## 28732. WHITE v. HENRY.

INGRAM, Justice.

The sole issue involved in this appeal, as certified by the trial court, is "whether a non-resident defendant in a criminal case in Georgia is presently subject to a civil process and summons being served on the defendant while he is attending court in Georgia."

The record reveals that the appellant, John Walter White, and the appellee, Martha Ann Henry, were divorced on October 14, 1957, in the Superior Court of Stephens County. The decree awarded the wife $50 a month child support and custody of the minor child of the marriage. Thereafter, in the latter part of 1961, the appellant consented, at the appellee's request, to the adoption of the minor child by the appellee's new husband, and, as alleged, appellant subsequently stopped making payments for the support of the child.

At the time of the present litigation, appellant was a resident of the State of Florida and the appellee resided in Stephens County, Georgia. On the 19th day of December, 1972, in proceedings instituted by the appellee, Mrs. Martha Ann Henry, a criminal warrant for abandonment was issued and served on the appellant while he was in Stephens County, Georgia. On the same

day, the appellant made a bond returnable to the next term of the superior court. On the 28th day of December, 1972, the appellee filed a petition for contempt against appellant in the Superior Court of Stephens County complaining of appellant's failure to comply with the child support provisions of the 1957 divorce decree. The petition included a prayer for the issuance of a writ of ne exeat to prevent the appellant from leaving the jurisdiction of the court. Service of process on this petition was not perfected, however, because appellant was not present and available for service within the jurisdiction of the State of Georgia. Appellant initially did not appear to answer the charge of abandonment, as at the May, 1973 term of court appellant's criminal appearance bond was forfeited, and a bench warrant was issued for his arrest.

However, in October of 1973, the appellant, without having been extradited, voluntarily appeared in the Superior Court of Stephens County to answer the criminal charge of abandonment. He was found guilty and was ordered by the court to pay $50 per month and placed on probation. At the conclusion of the trial, and while appellant was still at the courthouse, he was served with the contempt petition which had been resubmitted to the court by the appellee on October 12, 1973. Pursuant to the ne exeat order, appellant was taken into custody and held until he made a ne exeat bond of $5,000. Appellant then filed a special plea to the jurisdiction of the court over his person, seeking to void the civil summons on the ground he was at the time of service immune from such service. On November 2, 1973, a hearing was held in the trial court after which the appellant's plea to the jurisdiction was overruled and denied. The appellant has now, after certification by the trial court, appealed to this court for review of this judgment overruling his plea to the jurisdiction. We believe the trial court erroneously overruled this plea as will appear from the reasons hereafter given in this opinion.

Code § 15-202 provides that, "The jurisdiction of this State and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary

sojourners." Code § 3-206 provides that, "A person not a citizen of this State, passing through or sojourning temporarily in the State, may be sued in any county thereof in which he may be at the time when sued."

We note that Code § 38-1506 is an exception to these broad provisions as it states that, "A witness shall not be arrested on any civil process while going to or returning from and attending on any court . . ." In addition, Georgia decisions indicate that Code § 38-1506 is not exhaustive of the full extent of recognized immunity from service of a non-resident. In the case of *Ewing v. Elliott,* 51 Ga. App. 565, 567 (181 SE 123) the Court of Appeals noted, "it has been recognized that this [Section 38-1506] is not exhaustive, and the common-law rule, which is in accordance with the great weight of authority in this country, that a non-resident witness or suitor in attendance upon the trial of any case in court is exempt from service or any writ or summons while so attending, and in going to or returning from the court, is of force in this State." In this regard, see also *Watson v. Kvaternik,* 33 Ga. App. 415 (126 SE 552); *Vaughn v. Boyd,* 142 Ga. 230 (82 SE 576); *Fidelity & Cas. Co. v. Everett,* 97 Ga. 787 (25 SE 734, 33 LRA 821, 54 ASR 440); and *Thornton v. American Writing Machine Co.,* 83 Ga. 288 (9 SE 679, 20 ASR 320). These cases all deal with either a non-resident witness or suitor and the rule has been different with respect to a defendant in a criminal case.

The rule in Georgia has been that a *defendant* in a criminal proceeding is not immune from civil process. See *Cox v. Cox,* 211 Ga. 530 (87 SE2d 181), and *Rogers v. Rogers,* 138 Ga. 803 (76 SE 48). See also *Warren v. Hiers,* 105 Ga. App. 202 (124 SE2d 445). The rationale of these decisions turns on a strict reading of the term "witness" as made immune from civil process under Code § 38-1506. In *Rogers,* supra (p. 804), the court noted: "This privilege [from civil process], however, is limited to witnesses, and does not apply to a defendant in a criminal case, who cannot be a witness in his own case, under the laws of this State." Thus, the non-resident criminal defendant, under the law of Georgia, being unable to testify under oath in his own behalf, could not be a "witness" and could not attain immunity from process. Anomalously, though, the

rule of non-immunity seems to have been applicable only to the criminal defendant who *voluntarily* appeared to defend the charge and e converso not to one who did not voluntarily appear. *Lomax v. Lomax,* 176 Ga. 605 (168 SE 863).

Each of the cases, in which service of civil process upon a non-resident criminal defendant was upheld, rested upon a rationale that under the law of Georgia then existing a defendant in a criminal case could not be a "witness" within the meaning of Code § 38-1506 because he could not take the stand and be sworn on his own behalf. These cases are no longer applicable in view of the enactment of Ga. L. 1973, p. 292 (Code Ann. §§ 27-405, 38-415, 26-401(a)) which authorizes a defendant to testify in a criminal case in Georgia. The underlying basis for these cases was necessarily removed with the adoption of these amended Code provisions, as a defendant in a criminal case is now permitted to be sworn and to testify "as any other witness." Code Ann. § 27-405.

Immunity from civil process cannot be extended, however, to every non-resident criminal defendant, whether he appears voluntarily or not to defend the charge, because such broad immunity would clearly contravene the provisions of the Uniform Criminal Extradition Act (Ga. L. 1951, p. 726; Code Ann. Ch. 44-4). That law includes a specific provision on immunity from civil process. Code Ann. § 44-425 provides: "A person brought into this State by or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the State from which he was extradited."

Under the facts of the present case, entailing the voluntary appearance of a non-resident criminal defendant, the Uniform Criminal Extradition Act (Code Ann. § 44-425), would, however, have no application. This statute deals only with cases involving extradition and not with those where the defendant has returned to Georgia voluntarily to answer the criminal charge. The

purpose of this statute is to protect innocent non-residents from service of civil process when brought into the jurisdiction by force under extradition proceedings. See Thermoid Co. v. Fabel, 4 N. Y. 2d 494 (151 NE2d 883); Note, 25 Brooklyn L. Rev. 343; and Note, 12 Van. L. Rev. 487.

Thus, if a non-resident criminal defendant is to enjoy immunity from civil process, it must be a limited immunity, and the resolution of the extent of such immunity must turn on considerations other than that of an interpretation of Code Ann. § 27-405 which allows the defendant in a criminal case to be a witness in his own behalf.

What is the underlying basis for the doctrine of immunity? Earlier Georgia cases and cases from other jurisdictions must be considered for an answer to this question. We know that non-resident suitors and witnesses generally have been granted immunity from service of process while within the jurisdiction of the court for purposes of litigation. This immunity has its origin as a privilege of the court in order to free the administration of justice from outside interference and disruption. Mr. Justice Lumpkin, speaking for the court in *Vaughn v. Boyd,* 142 Ga. 230, 235 (82 SE 576, LRA 1915A 694), noted in this regard that the chief aim of the rule of immunity "is to give a fair and uninterrupted trial." On the other hand, these considerations generally have not extended to the non-resident criminal defendant who more often than not is compelled by process of extradition to attend the courts of the State. But a majority of American courts have made a distinction between the criminal defendant who *voluntarily* appears to answer to a charge and one who does not voluntarily appear. See Annot. 20 ALR2d 163 (1950). The reasoning for the distinction is that a defendant who voluntarily appears, or who appears in compliance with a bail bond, is given immunity from civil process because his appearance saves the State the expense, delay and uncertainty of extradition and promotes the orderly, expeditious and unobstructed administration of justice. See, e.g., Benesch v. Foss, 31 F2d 118 (D.C. Mass.); Cummins' Admr. v. Scherer, 231 Ky. 518 (21 SW2d 836);

Jacobson v. Hosmer, 76 Mich. 234 (42 NW 1110); Michaelson v. Goldfarb, 94 N. J. L. 352 (110 A 710); Thermoid Co. v. Fabel, 4 N. Y. 2d 494, supra.

We believe these are valid considerations for immunity to be extended to the non-resident criminal defendant who voluntarily appears in court to answer a criminal charge in Georgia. Therefore, the judgment of the trial court must be reversed in this case.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 11, 1974 — DECIDED APRIL 4, 1974.

*Maylon K. London, Martin W. Welch,* for appellant.
*John A. Dickerson,* for appellee.