72042. PAYTON v. GREEN et al.
(346 SE2d 884)

BENHAM, Judge.

Appellant, a contractor and resident of Cherokee County, Georgia, was notified by his attorney that there was a warrant outstanding for him in DeKalb County. He voluntarily surrendered himself to the DeKalb County Sheriff a few days later and was then ordered to appear in magistrate's court on April 2, 1984. On that date, as he was leaving the courtroom, appellant was served with process for a breach of contract action that had been filed by appellees in Cherokee County on March 30, 1984. Appellant moved to dismiss the action, claiming insufficient service of process and lack of personal jurisdiction. The trial court denied the motion. Four days before trial, appellant moved for his second continuance of the civil trial, claiming that

it should not be held until the criminal case had been tried. The trial court also denied that motion. Appellant here argues that each of the two denials constitute reversible error. We disagree and affirm the judgment.

1. Appellant contends that his motion to dismiss should have been granted on authority of *White v. Henry,* 232 Ga. 64 (205 SE2d 206) (1974), which he reads as meaning that criminal defendants are immune from service of process because they are "witnesses" within the meaning of OCGA § 24-10-1. We disagree with appellant's interpretation. *White* is distinguishable inasmuch as it involved a criminal defendant who was a non-resident of the State of Georgia and who would not have been subject to the court's jurisdiction in the civil action involved but for his presence in this state for the criminal proceeding. Appellant is a resident of Georgia and as such is not a "non-resident criminal defendant" as that phrase is used in *White.*

Furthermore, assuming arguendo that appellant could be considered a non-resident criminal defendant by dint of his non-residence in DeKalb County, his immunity "must be a limited immunity, and the resolution of the extent of such immunity must turn on considerations other than that of an interpretation of [OCGA § 24-10-1] which allows the defendant in a criminal case to be a witness in his own behalf." *White* at 68. The Supreme Court went on to hold that the non-resident criminal defendant who voluntarily appears in court should be given immunity from civil process "because his appearance saves the State the expense, delay and uncertainty of extradition and promotes the orderly, expeditious and unobstructed administration of justice." Id. That rationale does not apply to appellant's circumstances. Appellant, while not a resident of DeKalb County, was still a resident of Georgia, and therefore the warrant for his arrest could have been issued and executed in any county in this state under OCGA § 17-4-44, thus obviating the need for the expense or delay of extradition. The trial court did not err in denying appellant's motion to dismiss.

2. Appellant also asserts that the trial court's denial of his motion to postpone his civil trial until his criminal trial had been held violated his right of due process and his right against self-incrimination. He contends that his civil trial testimony might have incriminated him in the criminal case which, he alleges, arose out of the same factual circumstances.

It is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion. OCGA § 9-10-167 (a); *Smith v. Davis,* 121 Ga. App. 704 (2) (175 SE2d 28) (1970). This rule holds true in situations where a person is both a criminal and civil defendant. See *Keno*

*v. Alside, Inc.*, 148 Ga. App. 549 (251 SE2d 793) (1978) (on motion for rehearing). Our review of the record reveals that a hearing was held on the motion, that appellees presented an objection to the continuance, and that the trial court found there was insufficient legal justification to grant the continuance. In the absence of the transcript of that hearing or other showing by appellant that the trial court abused its discretion by denying the motion, we will not reverse the decision. OCGA § 9-10-167 (b); *Smith,* supra.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*Robert W. Shurtz,* for appellant.
*George M. Geeslin,* for appellees.