## 18899.   Cox *v.* Cox.

WYATT, Presiding Justice.   Where, as in this case, the plaintiff in error was served with a rule nisi in a contempt proceeding growing out of an alleged failure to pay temporary alimony at a time when he was being tried in a criminal case as the defendant on a charge of abandonment, it was not error to deny a motion to vacate the service of the rule nisi upon the plaintiff in error.   The motion was predicated upon the proposition that the plaintiff in error could not be legally served with process while he was in attendance upon court as the defendant in a criminal case.   This court in *Rogers* v. *Rogers,* 138 *Ga.* 803 (76 S. E. 48), said: "A witness in attendance upon the trial of any case is privileged from arrest under any civil process.   Civil Code, § 5854.   And this privilege is also said to extend to an exemption from the service of any writ or summons upon him.   This privilege, however, is limited to witnesses, and does not apply to a defendant in a criminal case, who can not be a witness in his own case, under the laws of this State."   The attempt to question the jurisdiction of the court can not be entertained for the reason that no question appears to have been raised as to the jurisdiction in the alimony suit upon which the judgment for alimony was obtained.   It follows, the judgment of the trial court was not erroneous for any reason assigned.

*Judgment affirmed.   All the Justices concur.*
ARGUED MARCH 15, 1955—DECIDED APRIL 11, 1955.

*William A. Thomas,* for plaintiff in error.
*Paul James Maxwell,* contra.