39192.   WARREN v. HIERS *et al.*

DECIDED JANUARY 15, 1962.

*Albert A. Roberts,* for plaintiff in error.
*Wm. T. Brooks, Foster & Fudge,* contra.

BELL, Judge. ■ The defendants have specifically objected to the inclusion of the documentary evidence in the record, contending that it is not properly before this court. It is urged that the documentary evidence is not incorporated in the bill of exceptions or attached as an exhibit and properly identified by the trial judge, or embodied in an approved transcript of the evidence, and, therefore it has not been brought to this court in the manner prescribed by law, and cannot be considered as evidence. *Grimes v. Slaughter,* 217 Ga. 116, 117 (121 SE2d 110).

The trial judge's certificate certifies, "The foregoing three documents constitutes [sic] all the documentary evidence adduced on the trial of said case and the same is hereby approved, and certified as being true and correct." There is no documentary evidence *preceding* this certificate in the record. *Following* the trial judge's certificate, there do appear certain documents which are not in any way identified by the judge or identified as those to which the bill of exceptions or the judge's certificate refers.

In *Blackwell v. Farrar,* 208 Ga. 757, 758 (69 SE2d 574), a motion was made to dismiss the bill of exceptions on the ground that an exhibit "A" referred to therein was not a part of the bill of exceptions because it did not precede the judge's certificate but followed it, and it was not identified by the trial judge. There the Supreme Court held that the exhibit following the certificate was not identified as being the same to which the certificate referred and it was not properly before the court.

In the present case the trial judge's certificate does not refer to the exhibits. They are not identified. The certificate is to the effect that all the *foregoing* documents constitute all the documentary evidence adduced at the trial of the case. The exhibits *follow,* they do not *precede,* the certificate. See also *Giles v. Peachtree Pantries, Inc.,* 209 Ga. 536, 537 (74 SE2d 545).

Under the cited authorities, the motion must be granted as the documentary evidence is not properly before this court and cannot be considered in passing upon the errors assigned by the bill of exceptions.

■ The remainder of the evidence in the record, now uncontradicted, affirmatively shows that the defendant Glenn Hiers was not an officer or agent of the corporate defendant so as to bind the company by his acts. It follows that the attempt to assert jurisdiction over the corporation by service upon Hiers was ineffectual.

The trial judge correctly sustained the traverse to the return of service by the corporate defendant and properly vacated the entry of service as to it.

■ The individual defendant's motion to vacate the service is based upon the stipulation between the parties that he was served with process while in the courthouse, where he had been in attendance at a hearing on a writ of habeas corpus.

In sustaining the contention that service under these circumstances was improper, the trial judge cited *Thornton v. American Writing Machine Co.*, 83 Ga. 288 (9 SE 679, 20 ASR 320), in which Mr. Justice Simmons stated at page 290, "The law seems to be that a suitor or a witness in attendance upon the trial of any case in court, is privileged from arrest under any civil process, and is exempted from the service of any writ or summons upon him or them while in attendance upon such court, or in going to or returning therefrom." However, the Supreme Court there held that such service of process was not void but voidable upon proper action at the proper time by the person served, and there being no such proper action at the proper time, but merely a motion to set aside the judgment 18 months later, the attempt came too late to set aside the judgment on the ground that his privilege as a suitor and witness had been violated. It appears that the above-quoted statement from the *Thornton* case was dictum, since it was not necessary for the decision in that case.

In *Rogers v. Rogers*, 138 Ga. 803 (76 SE 48), the Supreme Court unanimously held that a nonresident voluntarily attending upon a city court to answer a criminal accusation against him was not exempt from service of civil process. There the Supreme Court, citing what is now *Code* § 38-1506, held that this privilege is limited to witnesses and does not apply to a defendant in a criminal case, who cannot be a witness in his

own case under the law of this State. While the *Rogers* case is criticized in *Vaughn v. Boyd*, 142 Ga. 230, 234 (82 SE 576, LRA 1915A 694), it is cited with approval in the full-bench decision of *Cox v. Cox*, 211 Ga. 530 (87 SE2d 181). In the *Cox* case the plaintiff was served with the rule nisi in a contempt proceeding growing out of an alleged failure to pay temporary alimony at a time when he was being tried in a criminal case as the defendant on a charge of abandonment. He moved to vacate the service of the rule nisi upon the contention that he could not be legally served with process while he was in attendance upon court in a criminal case. The Supreme Court, citing the *Rogers* case, stated that, while a witness in attendance upon the trial of any case is privileged from arrest under any civil process, the privilege is limited to witnesses, and does not apply to a defendant in a criminal case, and held that it was not error to deny the motion to vacate the service.

Here, the hearing upon the writ of habeas corpus did not change the status of the defendant from that of a defendant in a criminal case. From the moment of his departure from the jail to the courthouse to attend the hearing, during the hearing, and on his returning to jail, Hiers was continuously in custody as a defendant in a criminal case. The hearing upon the writ in this instance was ancillary to the criminal case pending, and was initiated at Hiers' own request. Under these circumstances, he was not exempt from service of civil process. See generally 20 ALR2d 160, 175.

Under the above authorities, the trial judge erred in sustaining the motion to vacate the service as to the defendant Glenn Hiers.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Hall, J., concur.*