DECIDED OCTOBER 2, 1962—
REHEARING DENIED OCTOBER 11, 1962.

*Jim Hudson,* for plaintiff in error.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.

### 39142.   WHITE v. STATE OF GEORGIA.

JORDAN, Judge. The judgment of this court (*White v. State of Ga.,* 105 Ga. App. 616, 125 SE2d 239), affirming the judgment of the superior court adjudging the defendant in contempt of court, having been reversed by the Supreme Court of Georgia on certiorari (*White v. State of Ga.,* 218 Ga. 290, 127 SE2d 668), the said judgment of this court is vacated and the judgment of the superior court is reversed in accordance with the judgment of the Supreme Court.

> *Judgment reversed. All the Judges concur.*

> DECIDED OCTOBER 11, 1962.

*Houston White,* for plaintiff in error.
*Paul Webb, Solicitor General, Eugene L. Tiller, Wm. F. Buchanan,* contra.

### 39643.   DOUGLAS v. AMERICAN CASUALTY COMPANY OF READING, PA.

DECIDED OCTOBER 11, 1962.

*C. M. Seward,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* contra.

BELL, Judge. ■ The amended motion for new trial refers to certain exhibits which do not appear in the record and are not properly identified by the trial judge. It is obvious that this court cannot consider the alleged error in the exclusion of documentary evidence when the evidence appears nowhere in the record. Where the errors complained of relate to and require a considera-

tion of evidence, it must be brought up in the bill of exceptions or attached to it as exhibits properly identified by the trial judge or embodied in an approved brief of evidence and brought up as a part of the record. Unless one of these methods is employed, the evidence is not before this court, and obviously the errors based on the missing evidence cannot be considered. *Flowers v. General Motors Acceptance Corp.*, 84 Ga. App. 681, 683 (1) (67 SE2d 159). See also *Warren v. Hiers*, 105 Ga. App. 202 (1) (124 SE2d 445). This disposes of special grounds numbered 1, 2, 3, 5, 8 and 10.

■ Special ground 4 contends that the court erred in permitting the defense constantly and repeatedly to make loud and argumentative objections to questions and documentary evidence offered by the plaintiff.

This ground has no merit.

The widest range of expression and forensic expression must be allowed to counsel. *Spence v. Dasher*, 63 Ga. 430; *Southern R. Co. v. Wright*, 6 Ga. App. 172, 174 (64 SE 703). The range of argument is within the discretion of the court. *Adkins v. Flagg*, 147 Ga. 136 (93 SE 92) ; *Black & White Cab Co. v. Clark*, 67 Ga. App. 170 (12) (19 SE2d 570).

. The matter of loudness of voice is necessarily a matter of degree and largely subjective in nature depending upon the state of efficiency of the hearer's auditory system. Objections are almost always argumentative, and in our adversary system of trial procedure, it is only natural for attorneys to carry on their verbal disputations with intensity and ardor. Both the substance of the argument and the loudness of the voice are matters within the control of the trial court. Here, there is not the slightest indication of any abuse of this discretion by the trial judge.

Special ground 4 of the motion for new trial was properly overruled.

■ Special ground 6 assigns error in the court's ruling inadmissible a statement made by one Kelley, representing himself as being a claim adjuster from the American Casualty Company. Neither this ground, nor the brief, nor the record shows how this alleged error of the trial court prejudiced the plaintiff.

The trial court properly overruled special ground 6 of the motion for new trial.

■ Special ground 7 maintains that the court erred in striking the testimony of Dr. James T. Hughes upon the motion of the defendant. This ground is incomplete as it does not show how the plaintiff was injured by the granting of the motion. Furthermore, this ground conflicts with the record itself which shows merely that the motion was to rule out the opinion and diagnosis of Dr. Hughes which rested upon a laboratory report. The court sustained the motion to strike only this portion of the testimony and not the entire testimony as special ground 7 maintains.

Even if the ground had been complete and shown a material error, it would appear that the testimony of the physician, resting upon a laboratory report, would not have been admissible, at least, without the testimony of a witness whose evidence showed that the report was a memorandum or record of an act, transaction, occurrence or event made in the regular course of the business, and that it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. *Martin v. Baldwin*, 215 Ga. 293 (2, 3, 4) (110 SE2d 344).

The trial court properly overruled special ground 7 of the motion for new trial.

■ Special ground 9 purports to assign error on the basis that the evidence was conclusively and prima facie in favor of the plaintiff. Even. if this ground were complete enough to raise a proper question of error for consideration by this court, the testimony in the record of both the plaintiff and a physician reveals that no definite diagnosis was reached and that the plaintiff was told they didn't know what was wrong with him.

Since the action was for medical and hospital benefits for a specific disease and no definitive diagnosis had been reached, the evidence was not prima facie and certainly not conclusively in favor of the plaintiff.

The trial court properly overruled special ground 9 of the motion for new trial.

The general grounds of the motion for new trial were not argued and are deemed abandoned.

The trial court properly directed a verdict for the defendant.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*