## 43637. HIRSCH'S v. ADAMS.

ARGUED MAY 7, 1968—DECIDED JUNE 6, 1968.

*Haas, Holland, Freeman, Levison & Gibert, Edward L. Greenblatt,* for appellant.

*James H. Neal, Joseph B. Kilbride,* for appellee.

HALL, Judge. The defendant appeals from a judgment for the plaintiff in an action for salary allegedly owed him by the defendant. The complaint alleged that the defendant was indebted to the plaintiff for a stated sum "as salary for labor and work performed by plaintiff for defendant from August 1, 1966, until April 1, 1967, at which time defendant terminated plaintiff's employment."

At the trial the court excluded evidence offered to prove an express contract. The court then permitted the plaintiff, over the defendant's objection, to present evidence to support his claim on the ground of quantum meruit. The defendant enumerates as error the court's refusal to grant him a mistrial or continuance on the ground that he was surprised and prejudiced by the plaintiff's shift in legal theories during the course of the trial. The defendant argues that he had no notice that the plaintiff was seeking relief on quantum meruit and that the plaintiff should have been required to amend his petition to set forth this ground.

1. The complaint adequately stated a claim for relief. Ga. L. 1966, pp. 609, 619 (*Code Ann.* § 81A-108). We cannot say that the complaint, quoted above, was limited to seeking relief upon an express contract; but it entitled the plaintiff to relief upon any ground by which the alleged indebtedness could be proved. The record shows that there were no pre-trial orders limiting the issues.

Moreover, under the Georgia Civil Practice Act a plaintiff may sue on one theory and recover on another. "The fact that this involves a change in the nature of the cause of action, or the legal theory of the action, is immaterial so long as the opposing party has not been prejudiced in presenting his case. . . The lack of an amendment does not affect the judgment in any way." 3 Moore's Federal Practice 985, 990, § 15.13 [2]. (Respecting amendment of pleadings, Sec. 15 (b) of the Georgia Civil Practice Act, Ga. L. 1966, pp. 609, 627 (*Code Ann.* § 81A-115 (b)) is identical with Rule 15 (b) of the Federal Rules of Civil Procedure.)

The record does not show that the defendant made a motion that the court require the plaintiff to amend his complaint or a motion for a continuance to enable him to prepare additional evidence to meet the plaintiff's evidence on quantum meruit, or that the defendant made any motion before the trial to simplify the issues or aid in the disposition of the action (see Sec. 16 of the Civil Practice Act, *Code Ann.* § 81A-116), and does not show that the defendant was actually prejudiced.

The trial court did not err in denying the motion for mistrial.

2. The evidence of the value of plaintiff's work for the defendant was sufficient to support the verdict. It follows that the trial court did not err in denying the defendant's motion for directed verdict or in charging the jury on implied obligations to pay.

3. The trial court did not err in excluding a document offered by the defendant as a record kept in the ordinary course of business. The defendant did not present a witness who testified of his own knowledge that the document was "made in the regular course of business to make such a memorandum at the time of such act, transaction, occurrence or event or within a reasonable time thereafter," as required by Ga. L. 1952, p. 177 (*Code Ann.* § 38-711); *Martin v. Baldwin,* 215 Ga. 293, 302 (110 SE2d 344).

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*