24984.  WESLEY v. THE STATE.

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 9, 1969.

*Jerry W. Brimberry, R. Edgar Campbell,* for appellant.

*Robert W. Reynolds, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Wm. R. Childers, Jr., Deputy Assistant Attorney General,* for appellee.

DUCKWORTH, Chief Justice. ■ The alleged injured female testified that the accused had sexual intercourse with her over a period of two years. But to sustain a conviction, this testi-

mony must be corroborated. *Code* §§ 26-1303, 26-1304. This requirement was met. The female's letter to her aunt asking her to come and take her away because the defendant was, as therein described, molesting her, and the fact that the accused was the only male in the house where he was living with the victim's mother were corroborating facts and circumstances sufficient to convict. *Rivers v. State,* 179 Ga. 782 (177 SE 564); *Wright v. State,* 184 Ga. 62 (190 SE 663); *Reed v. State,* 201 Ga. 789 (41 SE2d 426).

■ But the evidence is weak, and the slightest prejudicial evidence might easily have unduly influenced the jury in convicting. The medical doctor who gave the child a vaginal examination testified that, based on the laboratory report as well as his physical examination, it was his opinion that she had had sexual intercourse, yet he also testified on cross examination, that he found her perfectly normal and on recall stated he could not say without the laboratory report that she had had sexual intercourse. The purpose of *Code Ann.* § 38-711 (Ga L. 1952, p. 177) in allowing in evidence the regular routine business records was not to allow the conclusions of anyone, despite the resolution offered in the General Assembly, Ga. L. 1958, pp. 542, 543, declaring the intent and purpose of the law to be to give a liberal and broad interpretation to the section in order to simplify the trial of cases, and it certainly was not intended that such conclusions stand without opportunity to cross examine the maker. In this instance, the laboratory report that certain fluids sent for examination contained sperm cells is definitely the diagnosis of the person signing the report with the initials "M.D." following his signature. Despite the pressures of courts, they must never be in such a hurry that they cannot allow a person to test legitimately evidence that is offered against him. At the very point where courts allow themselves to be stampeded by propaganda into accepting untested and unreliable evidence, liberty dies. Doubtless this doctor concluded that he saw human sperm, but if he had been subjected to cross examination it is possible that he would have modified his opinion or else shown conclusively that he was right. The other doctor testified that based on this laboratory

report it was his opinion that the female had had sexual intercourse. He thereafter admitted that this hearsay testimony influenced his expert opinion. Why should courts of justice deny an accused this chance to break down damaging evidence against him? The State has the power to take liberty, but commensurate with that power is the duty to do justice.

It was harmful error to allow in evidence the laboratory report which showed the opinion of this person but did not show that he was qualified. Such hearsay is contrary to justice and should have been excluded. See *Camp v. Camp*, 213 Ga. 65 (97 SE2d 125); *Martin v. Baldwin*, 215 Ga. 293 (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.*, 95 Ga. App. 872 (99 SE2d 370); *Hawkins v. Jackson*, 97 Ga. App. 525 (103 SE2d 634). Compare *Rouse v. Fussell*, 106 Ga. App. 259 (3), 261 (126 SE2d 830) where x-ray pictures were offered and allowed in evidence for examination and testimony by experts. Therefore, because of the error in allowing this evidence as above discussed, the verdict and judgment of conviction must be reversed.

*Judgment reversed. All the Justices concur. Frankum, J., concurs in the judgment only.*