47026, 47027. McDANIEL v. GANGAROSA et al.
(two cases).

ARGUED APRIL 3, 1972—DECIDED JUNE 19, 1972—
REHEARING DENIED JULY 12, 1972—

*Ross & Finch, Baxter H. Finch, Charles E. McCranie,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell, William S. Goodman,* for appellees.

STOLZ, Judge. 1. The laws of the United States made in pursuance of the Constitution of the United States, are, along with the U. S. Constitution and U. S. treaties, the supreme law of this State. U. S. Const., Art. VI, Par. 2 (*Code* § 1-602); Ga. Const., Art. XII, Sec. I, Par. I (*Code Ann.* § 2-8001). 28 U. S. C. § 1733 provides: "(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept. (b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof." 44 U. S. C. § 2112 (b) provides: "There shall be an official seal for the National Archives of the United States which *shall be judicially noticed.* When a copy or reproduction, furnished under this section, is authenticated by the official seal and certified by the Administrator, the copy or reproduction shall be admitted in evidence equally with the original from which it was made." (Emphasis supplied.)

The subject records were preserved and classified on file at the National Personnel Records Center by the Secretary of the Army, 44 U. S. C. § 3103, and the Administrator of the General Services Administration has legal custody of the records. 41 CFR § 105-60.103. "A deputy officer may properly certify for the chief officer nominally having custo-

dy, and in point of form the name and title of the superior should be used. 5 Wigmore on Evidence (3d Ed.), 520, § 1633 (8)." *Pressley v. State,* 207 Ga. 274, 277 (61 SE2d 113). Hence, the records were in effect properly certified by the Administrator of the General Services Administration by his deputy, the Chief of the Military Reference Branch of the G. S. A., who had actual, as well as legal, custody of the records. This certificate established the elements of authentication—the authority, the incumbency, and the genuineness of the signature of the certifying custodian—as approved for records of the Federal Government. See *Mach v. State,* 109 Ga. App. 154, 160 (135 SE2d 467).

Such properly authenticated and certified records have been held admissible in evidence in this State under the above authority in the criminal cases of *Pressley v. State,* supra, and *Mach v. State,* supra. There is no apparent reason for their not being admissible in civil cases as well, as long as their contents are admissible.

2. The colloquy between the trial court and both counsel with respect to the admission of the records makes clear the court's intention to omit hearsay and irrelevant matter and to admit the records for the limited purpose of impeachment of the plaintiff's testimony to the effect that he didn't have any problems in the army and couldn't remember going to sick call. Portions of the records deemed to constitute doctors' conclusions and diagnoses and other than readily observable symptoms, were obliterated from the face of the copies of the records prior to their admission in evidence. However, even if some of the portions admitted contained matter which would be objectionable if the records were tendered as original evidence of the plaintiff's illnesses, injuries, and symptoms, this did not affect their admissibility for the limited purpose of impeachment. In the absence in the record of the charge of the court and any contention that the jury was not properly charged as to the purpose of such evidence, it is assumed that they were so instructed.

The cases urged by the appellants as authority for the

contention that the evidence in the present case was inadmissible because of improper authentication and inadmissible matters therein, are distinguishable in that the records there sought to be admitted in evidence were either not properly authenticated or were offered as original evidence, or both. Additionally, some cases rely upon *Code Ann.* § 38-711 (Ga. L. 1952, p. 177) and related statutes for the admission of business records for the purpose of proof of a fact, whereas in the present case, the government records are admissible under the federal statute for impeachment purposes, if for no other purpose. Hence, such cases as *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260 (2) (160 SE2d 439); *Douglas v. American Cas. Co.,* 106 Ga. App. 744 (128 SE2d 364); *Walburn v. Taunton,* 107 Ga. App. 411 (130 SE2d 279); *Hirsch's v. Adams,* 117 Ga. App. 847 (162 SE2d 243); and *Mabry v. Henley,* 123 Ga. App. 561 (181 SE2d 884), are not contrary authority.

Furthermore, even if the admissibility of the evidence was doubtful, it was properly admitted, with its weight left to the determination of the jury. *Green v. State,* 112 Ga. App. 329 (4) (145 SE2d 80).

It follows that the trial court did not err in admitting the records in evidence and in entering the judgments on the verdicts.

*Judgments affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Deen, Quillian and Clark, JJ., concur. Pannell and Evans, JJ., dissent.*

EVANS, Judge, dissenting. McDaniel sued Gangarosa for damages because of personal injuries sustained in an automobile mishap, and during the trial defendant sought to introduce 82 pages of medical history of plaintiff, duly authenticated from the proper department of the Federal Government. Plaintiff objected upon the ground that each of the records contained hearsay and diagnoses of McDaniel's condition by a physician as to whom plaintiff was deprived of the right of cross examination. Stipulation was entered into

between counsel for both sides, the court agreeing, that objection was considered as made separately to each document upon said grounds. The court thereafter ruled out some of the matter objected to, but admitted some of it, purportedly being government hospital records as to plaintiff, which contained, among other things, the following: "Aug. 7, 1956. Pains at side of back, . . . [illegible] . . ." "Aug. 8 1956. Pain in R side still persisting." "1600 Pain worse." (Several other illegible entries.) "19 Sept. 56. For the past week pain stomach area, burning . . . [illegible] . . after meals, nightly pain." "9/4/56. Dizzy [doubtful]." "11 Sept. 56 cc he twisted left knee last night. [medical symbol] heat treatment." "Patient was in the normal good health until 5 Aug. 56, when he awoke with right flank aching pain which persisted." "t. he has many other symptoms — stomach pains, dizzy spells, miscellaneous aches, etc." "Pain R & flank side 5 Aug. 56." "He has many other symptoms — stomach pains, dizzy spells, miscellaneous aches, etc." "Fx R clavicle 1953. Hit head in motorcycle accident 4 yrs. ago but never saw dr." "2. Severe frontal & retrobulba headache 1-2x/yr., disappears overnite." "16. concussion at 14 due to blow from back of an ax." "26 Sept. 56. Pt. complains he 'just can't sleep at night.' "

The matter admitted into evidence contained much hearsay. The many references to "pain" necessarily resulted from statements by plaintiff to the physician; or was a conclusion or opinion of the physician; as only the plaintiff himself could feel his own pain and have first-hand knowledge thereof. Also, the statements that plaintiff had been hit on the head in a motorcycle accident four years ago; and the statement as to his having a concussion at 14 due to blows from the back of an axe, were hearsay. See *Paulk v. Thomas,* 115 Ga. App. 436 (3a) (154 SE2d 872). The documents also contain the physician's diagnoses, opinions, conclusions, impressions, etc.

Plaintiff relies on *Code Ann.* § 38-711 (Ga. L. 1952, p. 177) and the many, many decisions of the Supreme Court and Court of Appeals of this State construing said statute,

as to the inadmissibility of said matter. These decisions hold that hearsay and opinions and diagnoses of physicians contained in hospital records are not admissible.

The Supreme Court of Georgia, in a full bench decision, in *Martin v. Baldwin,* 215 Ga. 293 (2c) (110 SE2d 344) holds: "Records of a Veterans' Administration hospital and a Veterans' Administration office, made in the regular course of the business of the hospital or office, which contain *opinion evidence, conclusions, impressions, matter of conjecture, diagnoses of physicians or other parties, are not admissible in evidence under Code Ann.* § 38-711, since they are not the contemporaneous records of events, acts, transactions or occurrences as required by the act, but are opinions or conclusions which may or may not be based upon facts, and lack that reliability of records which exist in the routine recording of facts in regular business books or other records." (Emphasis supplied.) This question is ably discussed on pp. 296 - 302.

In a more recent decision, *Wesley v. State,* 225 Ga. 22 (2) (165 SE2d 719) the Supreme Court of Georgia held: "But, where, over objection, hospital records were allowed in evidence, and a laboratory report therein showed the presence of sperm cells in fluid sent to it for examination, *and the person or persons making this diagnosis from the examination of the fluid were not presented for cross examination,* the allowance in evidence of this report was prejudicial and a reversal is ordered." (Emphasis supplied.) In the body of the decision the court states: "Doubtless this doctor concluded that he saw human sperm, but if he had been subjected to cross examination it is possible that he would have modified his opinion or else shown conclusively that he was right. The other doctor testified that based on this laboratory report it was his opinion that the female had had sexual intercourse. He thereafter admitted that this hearsay testimony influenced his expert opinion. Why should courts of justice deny an accused this chance to break down damaging evidence against him? The State has the power to take liberty, but commensurate with that power is the duty to do justice.

"It was harmful error to allow in evidence the laboratory report which showed the opinion of this person but did not show that he was qualified. Such hearsay is contrary to justice and should have been excluded. See *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125); *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Hawkins v. Jackson,* 97 Ga. App. 525 (103 SE2d 634)."

Again, this court in *Cassano v. Pilgreen's Inc.,* 117 Ga. App. 260 (2) (160 SE2d 439) held: "It was not error to sustain defendant's objection to a copy of a hospital record tendered into evidence under *Code Ann.* § 38-711 (Ga. L. 1952, p. 177). If a hospital record contains *diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence* unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based. See *Martin v. Baldwin,* 215 Ga. 293 (2c) (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Meeks v. Lunsford,* 106 Ga. App. 154 (1) (126 SE2d 531)." (Emphasis supplied.)

Let it be borne in mind that these authorities are premised on the "business records" statute (*Code Ann.* § 38-711), which was enacted by the General Assembly of Georgia in 1952.

The majority opinion, despite these Georgia authorities, contends these hospital records are admissible under a Federal statute, to wit: 28 USCA § 1733. But a careful reading of that statute will show that it is not authority for the position taken by the majority opinion. Said statute is as follows: "(a) *Books or records of account or minutes of proceedings of any department or agency of the United States* shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept. (B) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evi-

dence equally with the originals thereof."

First of all, the documents introduced in the case sub judice were not "books or records of account" nor were they "minutes of proceedings of any department or agency of the United States." Thus, this statute is completely inapplicable to the matter involved here. Secondly, the only purpose for which the Federal statute purports to make such *books* or *minutes* admissible is to prove "the act, transaction, or occurrence" *of the governmental department or agency;* and there is no way that this language can be construed to mean the statements, exclamations of pain, dizziness, etc. of the *patient* (who is not a governmental department or agency, or any part thereof) are by this statute made admissible. For instance, conceding arguendo that the doctor's statement that he administered an opiate to the patient would be admissible under this Federal statute, provided the doctor is a part of the governmental department or agency; still the way and manner in which the patient reacted to the drug, what he said, whether he suffered pain therefrom, and other hearsay evidence, would not be admissible. Nor would the doctors' impressions, opinions, conclusions, conjectures and diagnoses be admissible.

The majority opinion cites and relies on *Pressley v. State,* 207 Ga. 274, 277 (61 SE2d 113), but that opinion was written in 1950, two years before the "business records" statute was enacted.

Further, in that case, the sole objections to the records were "that the copy was not duly authenticated and there was no certificate that the certifying officer's signature was genuine, or that the certification was in proper form; the certification did not comply with the laws of this State with reference to the authentication of a record; there was no statement that the copy is a copy of the record; there was no certificate that E. E. Woods, who signed as Acting Judge Advocate General of the Navy, in fact signed the certificate; and there was no seal annexed."

In other words, the sole objection was as *to the authenticity and method of authenticating* the copy. The question of

opinions, conclusions, diagnoses, and "hearsay testimony" or being deprived of the right to cross examine the physician who made the record was not made in the *Pressley* case at all. Hence, the *Pressley* case does not support the majority opinion. Again, the majority relies on *Mach v. State,* 109 Ga. App. 154, 159 (135 SE2d 467). But, in that case the sole objection to the government record was that "these copies of public records were not admissible because they were not properly authenticated" so this case does not reach the question of "hearsay" and does not support the majority's opinion.

. I therefore dissent from the judgment of affirmance and the majority opinion, and I would reverse the judgement.

I am authorized to state that Judge Pannell joins in this dissent.